The Mobile and Ohio Railroad Company filed objections to the rendition of a judgment for taxes extended against its property in Randolph county for the year 1930 on the ground that the sum of $606.86 had been erroneously levied against it. The county court sustained objections as to $117.02 and rendered judgment for $489.84. The basis of the objections to the last mentioned sum is that the county clerk extended taxes on the valuations fixed by the county board of review instead of those equalized by the State Tax Commission.
Section 24 of the act in relation to the assessment of property for taxation (Cahill's Stat. 1931, chap. 120, *Page 401 
par. 129,) provides, that when the commission shall have completed its equalization of assessments for any year it shall certify to the several county clerks the rates finally determined by it, to be added to or deducted from the listed or assessed valuation of each class of property in the several counties; that it shall also certify the assessment of railroad track, rolling stock, capital stock and franchises of railroad companies, and the county clerk shall extend the taxes on such valuations.
To make proof of the assessed valuations as fixed by the tax commission the objector offered in evidence "objector's Exhibit No. 1," as follows:
 "State of Illinois, Tax Commission's Office. Springfield, January 12, 1931.
"To the County Clerk of Randolph County:
"Sir — You are hereby notified that the State Tax Commission determined upon the rates percentum stated below, of addition to or deduction from the assessed value of the property listed for taxation in the county of Randolph for the year 1930.
"Property assessed in county other than railroad property:

 Pers.prop. Lands Town and city lots
 Per cent
Add Deduct Add Deduct Add Deduct
 20

"You will, therefore, in pursuance of law, proceed to extend the equalized valuation of the several classes of property so listed, by increasing or reducing the valuation as equalized and corrected by the county board of review at the rates percentum above given.
"Given under our hands, the date first above written.
 WM. H. MALONE, J.D. TELFORD, CHAS. R. FRANCIS, Tax Commission.
 "Please acknowledge receipt hereof. "Filed Jan. 14, 1930. — W.L. Hylton, County Clerk. Tax Commission, 1930."
Objector also offered "objector's Exhibit No. 2," bearing the same date as "Exhibit No. 1," addressed to the county clerk of said county and purporting to be signed by *Page 402 
the tax commission. This exhibit states that "it is hereby certified that the tax commission assessed railroad property in Randolph county for the year 1930, as follows," and then it sets forth the details of the assessment of railroad property. The county clerk filed both exhibits January 14, 1931. He testified he received them by mail from the tax commission and identified the signature of William H. Malone, chairman of the commission, upon each of them.
It was stipulated that the objector paid all its taxes except the amount objected to; that the total equalized assessed values, as shown by the tax books and records of Randolph county for the year 1930, were: "State Tax Commission value, $18,929,381, county board of review value, $20,655,357;" that the rate adopted by the county clerk in extending the taxes was based on $20,656,977 instead of $18,929,381, and that if the so-called county board of review valuation had been reduced twenty per cent, in accordance with the direction of the tax commission, the assessment on the objector's property would be reduced in the amount of $489.84, as set forth in the objections.
The county court refused to admit in evidence the certificates known as objector's exhibits 1 and 2, on the ground that the action of the tax commission in ordering a twenty per cent reduction in land values could be proven only by a certified copy of the records of the commission. The court was in error in this regard, for the statute makes the certificates from the commission to the county clerk his warrant to extend taxes on the valuation fixed by the commission and requires him to so extend them. It provides that when the tax commission shall have completed its equalization of assessments for any year and has certified to the several county clerks the rates finally determined by it, the clerks "shall extend the taxes for all purposes on the respective amounts so certified." (Cahill's Stat. 1931, chap. 120, sec. 24, par. 129.) It was the clerk's mandatory duty to use such valuations in extending taxes. The certificates *Page 403 
were sufficient in both form and substance to comply with the law and should have been admitted in evidence.
It was stipulated that the books and records in the county clerk's office showed the total equalized assessed value fixed by the tax commission was the sum of $18,929,381. The clerk accepted the certificates as authentic, acted upon them by making a record of corrected valuations, as required by statute, (Cahill's Stat. 1931, chap. 120, par. 143,) and then failed to extend taxes pursuant to that record. It was further stipulated that if the rate had been fixed on the valuation of the tax commission the assessment would be reduced by the amount of the judgment, $489.84. Taxes should have been extended on that valuation.
The judgment of the county court is therefore reversed and the cause remanded, with directions to sustain all the objections of the appellant railroad company.
Reversed and remanded.